Hon. Vito J. Castellano Major General NYS Division of Military and Naval Affairs
You ask whether auxiliary police must receive the training program prescribed by section 2.30 of the Criminal Procedure Law, and whether auxiliary police should be considered part-time employees for purposes of the training requirements.
Section 2 of chapter 843 of the Laws of 1980 consolidated all peace officer designations in the laws of the State into section 2.10
of the Criminal Procedure Law. Among the peace officers listed are peace officers designated under the provisions of the New York State Defense Emergency Act (Emergency Act) (Criminal Procedure Law, § 2.10 [26]). The Emergency Act establishes procedures and provides special powers in the event of enemy attack (McKinney's Unconsolidated Laws, Title 26). The local legislative body of a county, town, city or village by resolution may confer peace officer status upon members of the auxiliary police recruited under the Emergency Act subject to any restrictions the governing body imposes and subject to the provisions of sections 2.10 (26) and 2.20 of the Criminal Procedure Law (id., § 9185). If peace officer status is conferred, these officers may exercise the powers of peace officers only during a period of attack in carrying out their special duties (see our informal opinion No. 81-49, copy enclosed).
Section 2 of chapter 843 of the Laws of 1980 added section 2.30
of the Criminal Procedure Law. Section 2.30 requires that all persons appointed as peace officers after September 1, 1980 receive from their employers the training course certified by the Municipal Police Training Council. The course consists of a standard portion for all peace officers as prescribed by the Municipal Police Training Council and a portion developed by the peace officer's employer that is tailored to the special duties of the particular peace officer.
You have some doubt about the application of the training requirements to Emergency Act peace officers because section 2.30 uses the terms employers and employees in referring to municipalities and peace officers, whereas most auxiliary police are volunteers.
Although most auxiliary police are not employees under the customary definition of the word in that they receive no salary, we believe that they are employees for purposes of the training requirements of section2.30 of the Criminal Procedure Law. Section 2.30, by its terms, applies to all peace officers:
 "Each peace officer satisfactorily completing the course shall be awarded a certificate by the division of criminal justice services attesting to that effect, and no person appointed as a peace officer after the effective date of this article shall exercise the powers of a peace officer, unless he has received such certification within twelve months of appointment" (id., § 2.30 [1] [c]).
Section 2.30 requires training for all peace officers, with different requirements for full-time and part-time officers. There is no evidence of a legislative intent to establish a category of peace officers for whom no training is required. The legislative intent of chapter 843 of the Laws of 1980 is to enumerate all peace officers, specify their powers, and establish uniform training requirements for all peace officers (memorandum in support of A 11557-B, which was enacted as chapter 843 of the Laws of 1980). Moreover, since auxiliary police may be given all powers of peace officers, there is no reasonable basis for concluding that they should not receive the required training.
Peace officers who normally work on a part-time basis for less than the full complement of hours that would constitute full-time employment for their position may be given in-service training (id., § 2.30 [4]). Since Emergency Act auxiliary police may exercise peace officer powers only during a period of attack by enemy forces (id., § 2.10 [26]), we believe that their work is part-time within the meaning of section 2.30
(4) of the Criminal Procedure Law and that they may be given in-service training in accordance with that section.
We conclude that auxiliary police designated as peace officers under the New York State Defense Emergency Act must be trained in accordance with the training requirements for part-time peace officers in section 2.30
(4) of the Criminal Procedure Law.